Ronald L. Richman, SBN 139189
Susan J. Olson, SBN 152467
BULLIVANT HOUSER BAILEY PC
235 Pine Street, Suite 1500
San Francisco, California  94104-2752
Telephone: 415.352.2700
Facsimile: 415.352.2701
E-Mail:  ron.richman@bullivant.com
             susan.olson@bullivant.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>    Plaintiffs,<br><br>    vs.<br><br>VALLEY DEMOLITION, INC., a California Corporation,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT, TO RECOVER UNPAID TRUST FUND CONTRIBUTIONS, AND FOR A MANDATORY INJUNCTION**<br><br>[29 U.S.C. § 185(a) and 29 U.S.C. §§ 1109, 1132(g)(2), 114] |

COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT

Now comes the Plaintiffs, above named, and for their causes of action against Defendant allege as follows:

## I. JURISDICTION AND VENUE

1. This is an action for damages for breach of the collective bargaining agreement described below; for recovery of unpaid trust fund contributions; and for injunctive relief. This Court has jurisdiction of the action under and pursuant to the provisions of 29 U.S.C. § 185 (§ 301 of the Labor Management Relations Act of 1947, as amended) and 29 U.S.C. § 1132(a)(3) and 1132(e)(1) (§§ 502(a)(3) and 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended) ("ERISA"). The suit arises from the defendant Valley Demolition, Inc.'s failure to make trust fund contributions as required by the collective bargaining agreement, by the written trust agreements, and by provisions of federal law.

## II. INTRADISTRICT ASSIGNMENT

2. Venue of the within action is properly laid in the U.S. District Court for the Northern District of California in that, under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), contributions are made to, and benefits paid from, a corporate co-trustee bank in the Northern District of California.

## III. PARTIES

3. The Laborers Health and Welfare Trust Fund for Northern California; Laborers Vacation-Holiday Trust Fund for Northern California; Laborers Pension Trust Fund for Northern California; and Laborers Training and Retraining Trust Fund for Northern California (collectively, the "Trust Funds" or "plaintiffs") are the plaintiffs herein. The Trust Funds are organized under and pursuant to the provisions of §§ 302(c)(5) and 302(c)(6) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§ 186(c)(5) and 186(c)(6). The Trust Funds were established through collective bargaining agreements between the Northern California District Council of Laborers and employer associations representing construction industry employers doing business in Northern California. The Trust Funds are employee benefit plans created by written trust agreements subject and pursuant to §§ 3(3) and 3(37) of

1  ERISA, 29 U.S.C. §§ 1002(3) and (37).  The Boards of Trustees, as fiduciaries, are the
2  plaintiffs, who sue on behalf of the Trust Funds.
3      4.    Each of the Trust Funds is a third-party beneficiary of the collective bargaining
4  agreement described below.
5      5.    At all times mentioned herein, each of the Trust Funds was an express trust
6  created by a written trust agreement subject to and pursuant to § 302 of the Labor Management
7  Relations Act, 29 U.S.C. § 186, and a multi-employer benefit plan within the meaning of §§ 3
8  and 4 of ERISA, 29 U.S.C. §§ 1002, 1003.
9      6.    The Trust Funds provide a variety of benefits for laborers, retired laborers, and
10 other related covered employees on whose behalf contributions are made pursuant to collective
11 bargaining agreements.  The duties of the Board of Trustees of the Trust Funds include ensuring
12 that employers who are signatories to said collective bargaining agreements comply with the
13 terms of those agreements with respect to payments and contributions to the Trust Funds.
14     7.    Plaintiffs are informed and believe, and upon that ground allege, that at all times
15 material hereto, defendant Valley Demolition, Inc. ("Valley Demolition") is a California
16 corporation and general contractor, with its principal place of business in San Jose, California.
17 Plaintiffs are further informed and believe, and upon that ground allege, that Valley Demolition
18 is and has been an employer within the meaning of § 3(5) and § 515 of ERISA, 29 U.S.C.
19 §§ 1002(5), 1145 and an employer in an industry affecting commerce within the meaning of
20 section 301 of the LMRA, 29 U.S.C. § 185.

### IV. FIRST CLAIM FOR RELIEF

**(Breach of Collective Bargaining Agreement)**

23     8.    Plaintiffs re-allege and incorporate by reference, as though fully set forth herein,
24 the allegations contained in paragraphs 1 - 7 of this Complaint.
25     9.    On or about January 7, 2014, Valley Demolition executed a Memorandum of
26 Agreement with the Northern California District Council of Laborers.  By virtue of its execution
27 of the Agreement, defendant became bound to a written collective bargaining agreement with
28 the Northern California District Council of Laborers ("Laborers Union") entitled the Laborers'

1  Master Agreement for Northern California ("Master Agreement").  In agreeing to be bound by
2  the Master Agreement, defendant agreed to be subject to and bound by all provisions and
3  conditions of the written Trust Agreements which established the Trust Funds.  Pursuant to the
4  provisions of the Master Agreement, defendant agreed to be bound by all terms relating to
5  wages, hours, and conditions of employment prescribed therein with the Laborers Union.

6       10.      By virtue of the Master Agreement and written trust agreements, defendant
7  promised and agreed that:  (1) it would pay employee fringe benefit contributions into each
8  Trust Fund in regular monthly installments, commencing on or before the 15th day of the month
9  immediately succeeding the month in which the employee's work was performed; (2) that in the
10 event that any said monthly installments were not paid in full on or before the 25th day of the
11 month in which such contributions became due, it would pay interest on the delinquent
12 contribution in the amount of 1.5% per month until paid in full, and would also pay the amount
13 of $150 for each delinquent contribution as liquidated damages, and not as a penalty; and
14 (3) that if any suit with respect to any of said contributions or payments were filed against it, it
15 would pay into said Trust Funds the attorneys' fees, costs, and all other expenses, incurred in
16 connection with such suit.

17      11.      The Master Agreement between the Laborers Union and Valley Demolition has
18 never been terminated.

19      12.      Plaintiffs have performed all conditions, covenants and promises to be performed
20 on their part, in accordance with the terms and conditions of the Master Agreement and Trust
21 Agreements.

22      13.      Within the past four years, defendant materially breached and broke the
23 aforementioned Master Agreement and trust agreements in the following respect:

      a.    by reporting, but failing to pay, (reported, not paid) all employee fringe benefits
          on behalf of its covered employees for the period June – November 2015 in the
          principal amount of $103,139.94, according to proof at trial;

      b.  by failing to pay interest and liquidated damages on the unpaid and delinquent employee fringe benefit contributions reported, but not paid, for the period June –November 2015 in an amount to be proven at trial; and

      c.  failing to pay interest and liquidated damages on contributions that were paid, but paid late, for the period July – December 2014; and January – May 2015, in the approximate amount of $6,145.41, according to proof at trial.

14. The aforesaid material breaches proximately caused damages to plaintiffs in the following amounts, all according to proof at trial: (a) for unpaid contributions (reported, not paid) in the principal amount of $103,139.94, plus interest and liquidated damages in the amount to be proven at trial; and (b) for liquidated damages and interest on contributions paid, but paid late, in the approximate amount of $6,145.41, according to proof at trial. Interest will continue to accrue at the rate of 1.5% each month during the pendency of this lawsuit.

15. Plaintiffs have incurred and will continue to incur attorneys' fees in the within action. Pursuant to the provisions of the Master Agreement and the trust agreements, plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## V. SECOND CLAIM FOR RELIEF

### (Recovery of Unpaid Trust Fund Contributions)

### (ERISA §§ 502(g)(2), 515)

16. Plaintiffs re-allege and incorporate by reference, as though fully set forth herein, the allegations contained in paragraphs 1 - 15 of this Complaint.

17. ERISA section 515, 29 U.S.C. § 1145, requires defendant to make such contributions to the Trust Funds as are required under the terms of its collective bargaining agreement with the Union. Pursuant to the provisions of their trust agreements, plaintiffs are entitled to enforce the defendant's obligations to make those contributions.

/ / /

/ / /

– 4 –
COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT

18. Plaintiffs are informed and believe, and on that ground allege, that defendant reported, but failed to pay (reported, not paid) all employee fringe benefit contributions on behalf of its covered employees for the period June – November 2015 in the principal amount of $103,139.94, according to proof at trial. Defendant is further obligated by the provisions of the Master Agreement and the Trust Agreements to pay interest and liquidated damages on unpaid contributions in the amount of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Fund.

19. Pursuant to the provisions of ERISA, section 502(g)(2), 29 U.S.C. § 1132(g)(2), plaintiffs are entitled to the following statutory relief:

    a. Section 502(g)(2)(B): for contributions reported and not paid, an award of interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of delinquency, until the date of judgment, calculated to be $9,907.27, through February 25, 2016, according to proof at trial; and

    b. Section 502(g)(2)(C): the additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of delinquency, until the date of judgment; or (ii) liquidated damages under the Master Agreement and trust agreements of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Fund, calculated to be $9,907.27, through February 25, 2016, according to proof at trial.

20. Plaintiffs have incurred and will continue to incur attorneys' fees in the within action. Pursuant to the provisions of § 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

/ / /

/ / /

/ / /

– 5 –
COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT

## VI. **THIRD CLAIM FOR RELIEF**

**(Mandatory Injunction)**

**(ERISA § 502(g)(2)(E))**

21. Plaintiffs re-allege and incorporate by reference, as though fully set forth herein, the allegations contained in paragraphs 1 - 20 of this Complaint.

22. Pursuant to the terms and conditions of the Master Agreement and trust agreements, defendant Valley Demolition is required to allow the Trust Funds access to its books and records to determine the amount of trust fund contributions due and owing.  Plaintiffs have, as one of their purposes, the obligation to ensure that contributions required to be made to the Trust Funds are fully and correctly made.  The purposes of the respective funds are to provide health and welfare, vacation, pension, and other benefits for laborers, retired laborers, and other related covered employees on whose behalf contributions are made, which benefits are supported by such contributions, and to ensure that employers who are signatories to the collective bargaining agreement referred to herein comply with the terms of the agreement with respect to the payment of contributions to the Trust Funds.

23. Pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), the Court may award such other legal or equitable relief as the Court deems appropriate, and pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), plaintiffs are entitled to obtain appropriate equitable relief for the breaches alleged herein.  Plaintiffs seek a mandatory injunctive order of this Court ordering and requiring defendant Valley Demolition to allow plaintiffs' auditor access to the books and records of defendant Valley Demolition to permit plaintiffs to verify the precise amounts owed by defendant to Trust Funds, for the period of January 2014 through the last completed quarter prior to entry of judgment.

24. Plaintiffs seek a mandatory injunctive order from this Court because plaintiffs have no adequate legal remedy, in that the audit of the books and records of defendant Valley Demolition is the only means to accurately verify the additional amounts owed, if any, by defendant to the Trust Funds.

WHEREFORE, plaintiffs pray for judgment as follows.

## VII. RELIEF REQUESTED

1. On the First Claim for Relief, for damages for breach of the collective bargaining agreement for judgment against defendant as follows: (a) for unpaid contributions (reported, not paid) in the principal amount of $103,139.94; (b) for interest and liquidated damages on unpaid contributions; (c) for liquidated damages and interest on contributions paid, but paid late, in the approximate amount of $6,145.41, according to proof at trial; and (d) for such other or further amounts as may be shown at trial as may be discovered, after plaintiffs have had the opportunity to conduct a further audit of defendant Valley Demolition's books and records, for costs of suit, attorneys' fees and for such other further relief as the Court may deem just and proper.

2. On the Second Claim for Relief, for recovery under ERISA section 502(g)(2), 29 U.S.C. § 1132(g)(2), for judgment against defendant as follows:

   (a) under Section 502(g)(2)(A): for unpaid contributions (reported, not paid) in the principal amount of $103,139.94, according to proof at trial;

   (b) under Section 502(g)(2)(B): an award of interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of delinquency, until the date of judgment, calculated to be $9,907.27 through February 25, 2016;

   (c) under Section 502(g)(2)(C): the additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of delinquency, until the date of judgment; or (ii) liquidated damages under the Master Agreement and trust agreements of $150 for each month defendant failed to timely report and pay all employee fringe benefit contributions into each of the Trust Funds, calculated to be $9,907.27, through February 25, 2016; and

   (d) such other or further amounts as may be shown at trial, for costs of suit, attorneys' fees, and for such other further relief as the Court may deem just and proper.

3. On the Third Claim for Relief, that defendant Valley Demolition be compelled forthwith to submit to an audit by an auditor selected by plaintiffs, which audit is to be conducted at the premises of defendant during business hours, at reasonable time or times, and

to allow said auditor to examine such books, records, papers, and reports, of defendant Valley Demolition that are relevant to the enforcement of the Collective Bargaining Agreement and trust agreements, including but not limited to the following for the period January 2014 through the last completed quarter prior to entry of judgment:

> California Quarterly Report of Wages, Form DE-6; Federal Tax Forms W-3/W-2 and 1069/1099; Payroll Registers/Journals; Individual Earnings Records; Source Records, including time cards and time card summaries for all employees; contribution reports for all trust funds; workers' compensation reports; certified payroll reports; personnel records indicating job classifications and hire/termination dates; cash disbursement journal; vendor invoices; copies of subcontract agreements; cash receipts journal; general ledger; job cost records; records of related entities; and any other books and records that may be necessary to complete the auditor's determination or provide additional explanation.

DATED:  March 9, 2016

                                  BULLIVANT HOUSER BAILEY PC

                                  By  */s/ Ronald L. Richman*
                                        Ronald L. Richman

                                Attorneys for Plaintiffs

15926400.1

– 8 –
COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT